**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**FLORENCIO DAVID PEREZ OQUENDO**,

*Petitioner*,

v. Case No. 2:26-cv-3352-BCL-tmp

**WARDEN OF WEST TENNESSEE DETENTION FACILITY,**

*Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Florencio David Perez Oquendo has filed a Petition for Writ of Habeas Corpus by which he seeks release from immigration detention or, in the alternative, bond. Doc. 2 at 7. Petitioner also filed a Motion for Temporary Restraining Order. Doc. 3. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 5. Petitioner did not reply. For the reasons that follow, the Petition is **DENIED**.

Petitioner has failed to exhaust his administrative remedies. Respondent notes that Petitioner has not sought a bond hearing before the immigration authorities, and Petitioner has not argued otherwise. Doc. 7 at 4. Petitioner is effectively asking this Court to step in in the first instance, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 2. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must exhaust his remedies before seeking judicial relief in this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**. Petitioner's Motion for Temporary Restraining Order (Doc. 3) is **DENIED** as moot.

**IT IS SO ORDERED**, this 28th day of October, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE